**SO ORDERED.**

**SIGNED this 23 day of March, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**DENNIS MUGNO,**

        Debtor.                                  Case No. 05-09231-8-JRL
                                                            Chapter 13

_____

**ORDER**

      This matter is before the court on the Chapter 7 trustee's motion to reconvert. On March 15, 2006, the court conducted a hearing in Wilmington, North Carolina.

      On January 27, 2005, the debtor and his fiancee, Ms. Terry Yodice, met with Bradford Sanders, an attorney with the law firm of Butler & Butler, L.L.P. ("Butler & Butler") for an initial consultation. The debtor did not ultimately retain the services of Butler & Butler. On October 13, 2005, the debtor filed a Chapter 7 petition. The court appointed Mr. Algernon L. Butler, III of Butler & Butler as the trustee in the case. The debtor's attorney asked Mr. Butler to reject his appointment because of an apparent conflict of interest and he agreed to do so. James B. Angell was subsequently appointed as trustee in the case. Mr. Butler has acknowledged that he informed Mr. Angell of his belief that the debtor provided

$40,000 to his fiancee's mother, Mrs. Myrtle Carter, to purchase real property in Wilmington, North Carolina.

On January 26, 2006, the trustee filed a complaint to deny the debtor's discharge on the basis of his failure to keep adequate records, after learning that the debtor did not maintain bank accounts during the three years previous to the case. The debtor contends that the trustee's actions against him are based on privileged information obtained by Mr. Sanders and imparted to Mr. Angell.

The trustee asserts that his actions is this case have been warranted. After reviewing the public records and obtaining records from Jeff Porter, the attorney who closed the purchase of the property by Mrs. Carter, the trustee learned that a down payment was made on the real property at the time of closing in the form of a certified check issued by First Citizens. The debtor has denied under oath that he provided the down payment for the Wilmington property. The trustee also discovered that the debtor received $375,000 from the sale of real estate in Suffolk County, New York but only disclosed the sum of $275,000. In an effort to discover more about the debtor's financial affairs, the trustee has filed motions for an examination of documents addressed to Ms. Yodice and Mrs. Carter pursuant to Rule 2004.[1] Additionally, the trustee filed a motion for examination of Mrs. Carter under Rule 2004.

The court entered orders on February 14, 2006 granting the trustee's motions for an examination of documents and subpoenas were issued. As of the hearing date, the documents have not been provided to the trustee by Ms. Yodice or Mrs. Carter. The court entered an order on February 22, 2006 granting

---

[1] In addition, the trustee filed motions for examination of documents addressed to First Citizen's Bank, Liberty Tax Service, and 4-2003, LLC. The court entered an order on February 23, 2006 granting these motions.

the motion for an examination of Mrs. Carter and a subpoena was served the next day. As of the hearing date, Mrs. Carter has not submitted to a Rule 2004 examination.

The debtor's case was converted to Chapter 13 by order of this court dated February 24, 2006. On the same day, the Chapter 7 trustee filed a motion to reconvert the case, pursuant to § 105. He asserts that the debtor has no disposable income to fund a Chapter 13 plan, and his resort to Chapter 13 is an abuse of process. The debtor denies these allegations and presented evidence, in the form of testimony, that Ms. Yodice provided the down payment to purchase the property in Wilmington. Ms. Yodice also testified that she accompanied the debtor to his initial consultation with Mr. Sanders, although she had no intention of filing a bankruptcy petition.

The attorney-client privilege is "well-grounded in the jurisprudence" of North Carolina. See In re Investigation of the Death of Miller, 357 N.C. 316, 328 (2003). However, this state also recognizes exceptions to the privilege. Id. Specifically, "[c]ommunications between attorney and client are not privileged where made in the presence of a third person, not the agent of either party." State v. Brown, 327 N.C. 1, 21 (1990). Ms. Yodice has admitted that she was in the presence of the debtor and Mr. Sanders during their consultation. She was not married to the debtor and she was not seeking the services of Mr. Sanders because she did not intend to file a petition.

Based on Ms. Yodice's testimony, the court finds that the debtor waived the attorney-client privilege by involving a third person in his meeting with Mr. Sanders. As such, Mr. Sanders must procure his handwritten notes, made during the consultation with the debtor, from Butler & Butler and provide them to the Chapter 7 trustee. In order to hear and review all the evidence relevant to this case, the court directs the clerk of court to schedule another hearing on this motion. In the interim, the court is enforcing

the subpoena for documents addressed to Ms. Yodice and Mrs. Carter. These documents must be provided to the trustee at least ten days before the next hearing is scheduled. The court is also enforcing the subpoena for documents addressed to First Citizen's Bank, Liberty Tax Service, and 4-2003, LLC. These documents must also be produced at least 10 days before the hearing.

The court will not enforce the subpoena served on Mrs. Carter for a Rule 2004 examination at this time. However, the debtor must file amended Schedules I and J and a proposed Chapter 13 plan at least 10 days before the next hearing. Additionally, the debtor must comply with the Chapter 7 trustee's requests for discovery. Accordingly, the court will defer ruling on the trustee's motion to reconvert until the next hearing.

"End of Document"