**SO ORDERED.**

**SIGNED this 24 day of July, 2006.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

**DENNIS MUGNO,**

          **Debtor.**                       **Case No. 05-09231-8-JRL**
                                                 **Chapter 7**

_____

## ORDER

       This matter is before the court on the Chapter 7 trustee's motion for turnover and motion for disqualification of debtor's counsel, motion for disclosure of fees paid to counsel, and motion for disgorgement of fees. On July 19, 2006, the court conducted a hearing in Wilmington, North Carolina.[1]

       The Chapter 7 trustee asserts that the debtor has received a tax refund from the Internal Revenue Service for the tax year 2005 in the amount of $3,045. The trustee contends that the portion of the refund attributable to the debtor's pre-petition wages is property of the estate and must be turned over to the trustee. Additionally, the debtor obtained a loan in the amount of $2,000 against his life

_____

[1] As the exhibits for the motion for disqualification of debtor's counsel and motion for disgorgement of fees were filed the evening before the hearing date, the court was unable to fully review the documents prior to the hearing. The clerk of court will schedule a new hearing date with notice to all parties and the court will hear arguments on the motions in question at that time.

insurance policy after the petition date. The debtor previously claimed an exemption in the life insurance policy in the amount of $312.49. The trustee argues that the loan proceeds less the claimed exemption must be turned over to him as well.

The debtor asserts that he will amend his exemptions to include an exemption in the 2005 tax refund and the loan proceeds, in lieu of his claimed exemption in an Aruba timeshare. The trustee initially filed an objection to the debtor's claimed exemption in his life insurance policy but subsequently withdrew it. The debtor argued at the hearing that if he claims an exemption in the life insurance loan proceeds, the trustee cannot object based on his previously withdrawn objection. The trustee contends that he will recognize the debtor's claimed exemption in the amount of $312.39 but he reserves the right to object to an exemption in additional amounts.

Under 11 U.S.C. § 522(a), an individual debtor may "exempt from property of the estate" any property specified by state law, if the debtor was domiciled for 180 days in that state prior to the filing of the petition. When the debtor claims such an exemption, the trustee may file an objection "within 30 days after the meeting of creditors" is concluded. See Bank. R. 4003(b) (2005). If a trustee decides not to object to the exemption, a subsequent challenge to the validity of the exemption will be prevented. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). This court has previously held that without an objection, an exemption must be honored by the trustee but only in the amount claimed. See In re Crumedy, Case No. 05-03412-8-JRL (Bankr. E.D.N.C. Dec. 5, 2005).

Based on the foregoing, the court finds that the debtor may amend his petition to include an exemption in the life insurance loan proceeds but the trustee will have the opportunity to object to the claimed exemption pursuant to Rule 4003(b). The court also deems the debtor's 2005 tax refund in the

2

amount of $2,377.60, the amount attributable to his pre-petition wages, property of the estate. See <u>Doan</u> <u>v. Hudgins</u> (<u>In re Doan</u>), 672 F.2d 831, 833 (11th Cir. 1982). See also <u>Segal v. Rochelle</u>, 382 U.S. 375 (1966) (decided under the prior Bankruptcy Act). The debtor must turn over $2,377.60, representing the applicable portion of the tax refund, and $1,687.51, representing the life insurance loan proceeds less the claimed exemption, to the trustee or amend his exemptions within ten days of the entry of this order. The debtor must also disclose whether he continues to have an interest in the Aruba timeshare listed on his petition.

The trustee is also seeking the disclosure of fees paid to the debtor's counsel by Mrs. Myrtle Carter and Ms. Terri Yodice for his representation of them in connection with this bankruptcy case. Debtor's counsel has disclosed fees paid to him by the debtor, pursuant to 11 U.S.C. § 329, but the trustee asserts that under Rules 2016(b) and 2017(b) of the Federal Rules of Bankruptcy Procedure, the disclosure of fees paid by third parties for services rendered to third parties is required if it relates to the underlying bankruptcy case. The debtor's attorney contends that he is not required to make this disclosure under the Code or applicable rules of procedure.

Rule 2017(b) states that a court may "determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive,. . .if the payment, transfer, or agreement therefor is for services in any way related to the case." The rule is "coextensive with § 329," as "Bankruptcy Rules cannot enlarge the court's jurisdiction beyond that granted by statute." <u>Roland v. Unum Life Ins. Co. of America</u>, 223 B.R. 499, 504 n.9 (E.D. Va. 1998). As the language of the rule clearly limits the scope of a court's inquiry to

3

payments made "by the debtor to an attorney after entry of an order for relief,"[2] the court will not stretch the rule to encompass payments made to a debtor's attorney by a third party for services rendered to the third party.

Based on the foregoing, the court finds that pursuant to Rule 2017(b), debtor's counsel is not required to disclose fees paid to him by Mrs. Carter and Ms. Yodice for services rendered to them. However, debtor's counsel is required to supplement his statement of compensation under § 329 to include the source of payments by the debtor and the form of these payments pursuant to Rule 2016(b). This supplement must be provided to the trustee within ten days of the entry of this order. Accordingly, the trustee's motion for disclosure of fees is denied in part and granted in part.

"End of Document"

---

[2] The Fourth Circuit has held, however, that fees paid to an attorney by a third party for representing the debtor are reviewable under § 329 and Rule 2017. See Burd v. Walters (In re Walters), 868 F.2d 665, 668 (4th Cir. 1989).

4