**SO ORDERED.**

**SIGNED this 30 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

**DENNIS MUGNO,**

      Debtor.           Case No. 05-09231-8-JRL
                                                                             Chapter 7

_____

## **ORDER**

      This matter is before the court on the motion to present evidence filed by Peter Gemborys. The court conducted a hearing on the Chapter 7 trustee's motion for disqualification of counsel and disgorgement of fees on August 17, 2006 in Wilmington, North Carolina. The hearing reconvened on August 21, 2006. After the trustee and Mr. Gemborys had rested their cases, the court recessed the hearing until September 5, 2006 to allow the parties more time to prepare closing arguments.

      Mr. Gemborys seeks to present additional evidence at the hearing on September 5, 2006, although the Notice of Continued Hearing specifies that only closing arguments will be heard on that date.[1] Mr. Gemborys' motion is based on his assertion that he did not have an opportunity to present

---

[1] The notice was prepared by the Clerk of Court on August 22, 2006.

evidence and testimony in his defense. Mr. Gemborys also claims that he has health problems that prevented him from presenting evidence at the August 21 hearing.[2] In order to receive due process, Mr. Gemborys asserts that his motion must be granted.

The trustee filed a response to the motion, asserting that prior to the August 17 hearing, Mr. Gemborys was provided with several pleadings outlining the trustee's positions, a comprehensive brief detailing the legal issues, a list of the trustee's witnesses, and several of the trustee's exhibits. Although Mr. Gemborys claims he did not have an opportunity to present evidence in his defense, the trustee contends that Mr. Gemborys was fully aware of the issues and evidence to be addressed at the hearing and had ample opportunity to submit evidence, subpoena witnesses, and prepare his defense.

The trustee also asserts that when the hearing concluded on August 21, 2006, the only party that accepted the court's offer of additional time to prepare closing arguments was the trustee. Mr. Gemborys informed the court that he wanted to remain and finish the hearing. During the course of the hearing, the trustee notes that Mr. Gemborys did not have witnesses present to testify and no proof of service of any subpoenas.

Mr. Gemborys filed a reply to the trustee's response, alleging that he believed the court would not grant a continuance of the hearing in order to present evidence. His belief is based on the court's comment that the hearing would be concluded on August 21, 2006, even if it continued after business hours. When the trustee finished his examination of his witnesses at approximately 5:45 p.m., Mr.

---

[2] In his motion, Mr. Gemborys contends that he had not eaten all day because the court did not provide a lunch break. He is also under the care of a physician and is required to take medication in the evening. Although he did not have the medication in the courtroom, Mr. Gemborys asserts that he would not have been able to ingest medication at the hearing because it causes him to become drowsy.

Gemborys argues that he was under the impression that due to the late hour, he could not present any further evidence or testimony. Specifically, Mr. Gemborys states in his reply that he intended to re-call the trustee, Mary Tatum, and himself as witnesses at the August 21 hearing. All of these individuals were in court at the end of the day and had testified earlier in the hearing. Mr. Gemborys asserts that his prior examination of the aforementioned witnesses was limited to the scope of the trustee's direct examination. He contends there are additional issues to be resolved by further testimony and other evidence.

In a response to the reply, the trustee points out that Mr. Gemborys filed a motion to quash the trustee's subpoena of Mary Tatum, indicating that she had no knowledge or evidence to offer in this matter. Ms. Tatum did testify and the court allowed her to remain in the courtroom after she left the witness stand to observe the hearing. The trustee argues that Mr. Gemborys never indicated to the court that he intended to recall her as a witness. At the conclusion of the hearing on August 21, the court revoked its order of sequestration. As a result, Ms. Tatum has been free to discuss prospective testimony with any of the other witnesses. Based on these facts, the trustee asserts that the court should deny Mr. Gemborys' motion, or in the alternative, prohibit Mr. Gemborys from presenting Ms. Tatum as a witness and limiting any testimony from the trustee and himself to matters beyond the scope of the witness's previous testimony.

The court finds that in order to determine whether Mr. Gemborys had an opportunity to present evidence and testimony in his defense, it is necessary to review the procedural history of the trustee's motions. On May 30, 2006, the trustee filed a motion for disqualification of counsel for the debtor and for

disgorgement of fees. On June 16, 2006, Mr. Gemborys filed a response to the motion.[3] On June 29, 2006, the trustee filed an amendment to his motion asking the court to invoke its inherent powers to sanction attorneys appearing in its court and issue an appropriate sanction. On July 17, 2006, the trustee filed a detailed brief in support of the motion for disqualification and disgorgement and on July 18, 2006, the trustee filed three of his exhibits. The hearing on the trustee's motion was scheduled for July 19, 2006. In an order dated July 24, 2006, the court noted that the exhibits for the trustee's motion were filed the evening before the hearing date. As such, the court and presumably Mr. Gemborys were unable to fully review the documents prior to the hearing. The court directed the clerk of court to schedule a new hearing date for the trustee's motion.

The hearing was rescheduled for August 17, 2006. On August 4, 2006, the trustee filed a second amendment to his motion asking the court to invoke sanctions under 28 U.S.C. § 1927. On the same date, the trustee filed a motion in limine regarding an exception to the attorney-client privilege. In his motion, the trustee sought an evidentiary hearing in advance of the August 17 hearing to determine whether attorney-client privilege applied to his subpoena addressed to Mr. Gemborys. On August 8, 2006, Mr. Gemborys filed a motion to quash subpoena on behalf of himself, Mary Tatum and the debtor. He also filed a response to the trustee's motion in limine. A hearing on these motions was scheduled for August 15, 2006.

On August 10, 2006, Mr. Gemborys filed a request for production of documents, interrogatories and request for admissions addressed to the trustee. On August 11, 2006, the trustee filed an objection to

---

[3] On June 21, 2006, the trustee filed a response to Mr. Gemborys' response. On June 26, 2006, Mr. Gemborys filed a reply to the trustee's response.

the discovery requests and moved to have the requests stricken from the docket. On the same date, Mr. Gemborys filed a motion to continue the hearing on the trustee's motion for disqualification and disgorgement of fees, asserting that the trustee refused to provide him with a witness list. The court notified the parties that the motion to continue would also be heard on August 15, 2006.

In an order dated August 16, 2006, the court denied the motion to continue the August 17 hearing and found that the requests for discovery were moot as the response time for discovery expired after the hearing. The Chapter 7 trustee was directed to provide Mr. Gemborys with a witness list by 5:00 p.m. on August 16, 2006.[4] The motion to quash subpoena on behalf of Peter Gemborys and the debtor was denied. The motion to quash subpoena on behalf of Mary Tatum was granted. Additionally, the court found that the trustee had established a prima facie showing of fraud in the debtor's case, and therefore, the crime-fraud exception applied to attorney-client privilege. Accordingly, the trustee's motion in limine was granted.

Prior to the commencement of the hearing on August 17, 2006, Mr. Gemborys provided the trustee with documents required to be produced pursuant to the trustee's subpoena. Mr. Gemborys was obligated to turn over "all notes, files, records of communication or any other documents in your possession relating to the debtor... ." During the course of the hearing, the trustee discovered that Mr. Gemborys had not fully complied with the subpoena, as documents relating to the debtor were in Mr. Gemborys' possession and had not been turned over to the trustee.

In an order entered on August 18, 2006, in accordance with the court's oral interim ruling, the

---

[4] The trustee complied with the court's order.

5

hearing was recessed until August 21, 2006. The trustee was directed to re-subpoena the debtor for the August 21 hearing and the motion to quash subpoena filed on behalf of Mary Tatum was vacated, requiring Ms. Tatum to appear for the August 21 hearing. Debtor's counsel was disqualified from any further representation of the debtor. The court also ordered that pursuant to Rule 615 of the Federal Rules of Evidence, witnesses in the case could not communicate with other witnesses about testimony or exhibits presented at the August 17 hearing.

On August 21, 2006, the hearing on the trustee's motion reconvened at 11:00 a.m. The court heard testimony from the debtor, Mary Tatum, Algernon Butler, III, and the trustee. Mr. Gemborys conducted a comprehensive cross-examination of each witness, submitting several documents and a videotape into evidence. During the course of the hearing, the court recessed three times to allow parties and witnesses to leave the courtroom for their own purposes. Neither Mr. Gemborys nor the trustee requested a lunch break or a continuance based on health reasons. Upon the conclusion of the witnesses' testimony, the court asked Mr. Gemborys if he had any further evidence. He responded, no. Mr. Gemborys made no mention of his intention to recall Ms. Tatum, the trustee, or himself as witnesses.

After both parties had submitted their exhibits into evidence, the court discussed whether to proceed with the hearing after a ten minute recess or continue the hearing to allow parties additional time to prepare their closing arguments. The trustee indicated that he would like a continuance but Mr. Gemborys responded that he wished to proceed and present closing arguments that evening. Due to the late hour, the court continued the closing arguments until September 5, 2006.

Mr. Gemborys asserts that a comment from the court[5] led him to believe he could not present evidence at the conclusion of the trustee's case. It seems unlikely that this comment would inhibit a party from presenting evidence at 5:45 p.m., as it shows the court's willingness to allow the hearing to proceed in an effort to resolve the matters at hand. As members of this court's bar know well, it is not uncommon for hearings or trials to continue into the evening hours. Mr. Gemborys also argues that he wanted to continue the hearing to present additional evidence but believed the court would not grant his request. Such a belief should have been reevaluated once the court announced its willingness to continue closing arguments. Mr. Gemborys did not seek a continuance at that time to present additional evidence but instead, asked the court to hear closing arguments that evening.

Although Mr. Gemborys stated in his pleadings that he was prepared to call Ms. Tatum, the trustee, and himself as witnesses on his behalf, he gave no indication to the court that this was his intention. In fact, he previously told the court that Ms. Tatum had no knowledge or evidence that was relevant to the hearing. Mr. Gemborys asserts that the scope of his cross-examination of these witnesses was limited to the trustee's direct examination, prejudicing his ability to present his case. After reviewing a recording of the August 17 and August 21 hearing, the court finds that the trustee and his attorney never objected to the scope of Mr. Gemborys' examination of Ms. Tatum or the trustee. As for Mr. Gemborys' testimony, the court allowed him to make a statement on his behalf and he did so, without an objection from the trustee.

Based on the foregoing, the court finds that Mr. Gemborys was given a sufficient opportunity to

---

[5] The court announced that it intended to resolve the issues presented even if the lights were turned off and the hearing has to be conducted by candlelight.

present evidence at the hearings conducted on August 17, 2006 and August 21, 2006. He has had several months to subpoena witnesses, present additional evidence, or seek a continuance of the hearing based on his health. The record reflects that Mr. Gemborys did not elect to take advantage of these opportunities. It would be prejudicial to the trustee to allow Mr. Gemborys to present additional evidence and testimony, as it would further delay a ruling on his motion. Accordingly, the motion to present evidence is denied.

"End of Document"